# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

FILED
07 NOV -7 PM 1:58
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

### ARREST ON OUT-OF-DISTRICT OFFENSE

Magistrate Case Number: '07 MJ 2617

The person charged as <u>George Cruz, Jr.</u> now appears before this United States District Court for an initial appearance as a result of the following charges having been filed in the United States District Court for the <u>Eastern District of Virginia</u> with <u>conspiracy to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance</u>, in violation of <u>21 U.S.C. §846 and 841 (a)(6)</u>.

The charging documents and the warrant of the arrest of the defendant which was issued by the above United States District Court are attached hereto.

I hereby swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED: <u>11/07/2007</u>.

_____
Jeffrey V. Higgins
Special Agent
Federal Bureau of Investigation

Reviewed and Approved:

Dated: <u>11/07/2007</u>

_____
Davene L. Finnel
Special Assistant United States Attorney

# United States District Court

EASTERN DISTRICT OF VIRGINIA

UNITED STATES OF AMERICA

v.

GEORGE CRUZ, JR.

**WARRANT FOR ARREST**

CASE NUMBER: 1:07mj 965

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest **GEORGE CRUZ, JR.**

and bring him or her forthwith to the nearest magistrate to answer a(n)

☐ Indictment   ☐ Information   ☒ Complaint   ☐ Order of court   ☐ Violation Notice   ☐ Probation Violation Petition

charging him or her with (brief description of offense)

conspiracy to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, Schedule II controlled substance

**INFORMATION COPY ONLY**

**NOTICE: BEFORE ARREST, VALIDATE THROUGH NCIC. ORIGINAL HELD BY U.S. MARSHAL**

in violation of Title __21__ United States Code, Section(s) __846 & 841(a)(1)__

Barry R. Poretz
Name of Issuing Officer

U.S. Magistrate Judge
Title of Issuing Officer

[signature]
Signature of Issuing officer

October 31, 2007, Alexandria, VA
Date and Location

Bail fixed at $ _____ by _____
                                                    Name of Judicial Officer

**RETURN**

This warrant was received and executed with the arrest of the above-named defendant at _____

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

COPY   COPY

# United States District Court

__EASTERN__ DISTRICT OF __VIRGINIA__

UNITED STATES OF AMERICA

v.

GEORGE CRUZ, JR.

CRIMINAL COMPLAINT

FILED
OCT 31 2007
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

CASE NUMBER: 1:07mj 965

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. From in or about __February 2006 through August 2007__ in __Fairfax__ county, in the __Eastern__ District of __Virginia__ defendant(s) did, (Track Statutory Language of Offense) unlawfully, knowingly and intentionally conspired to distribute five-hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II, controlled substance,

In violation of Title __21__ United States Code, Section(s) __846 & 841(a)(1)__.

I further state that I am a(n) __Special Agent__ and that this complaint is based on the following facts:
Official Title

See Attached Affidavit

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

_Signature of Complainant_
Aleta Thompson
Special Agent
Federal Bureau of Investigation

AUSA - Daniel J. Grooms
Sworn to before me and subscribed in my presence,

__October 31, 2007__                 at    __Alexandria, Virginia__
Date                                         City and State

__The Honorable Barry R. Poretz__
Name & Title of Judicial Officer

_Signature of Judicial Officer_

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:07mj 965 |
| | ) | |
| GEORGE CRUZ, JR. | ) | |
| | ) | |
| Defendant. | ) | |

FILED OCT 31 2007 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

1. I am Aleta Thompson. I have been employed as a Special Agent (SA) of the Federal Bureau of Investigation, (FBI), since 1991. I am currently assigned to the FBI's Washington Field Office in Washington, D.C., where I work on an organized crime and drug trafficking squad, and have participated in various types of organized crime and drug trafficking related investigations. I have attended training and reviewed literature with regard to organized crime and drug trafficking investigations at the FBI Academy and the Drug Enforcement Administration Special Operations Division.

2. This affidavit is submitted in support of a criminal complaint and arrest warrant for George Cruz, Jr. The complaint and warrant charge Cruz with conspiracy to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), between in or about February 2006 and August 2007.

3. The facts and information contained in this affidavit are based upon my personal knowledge of the investigation and observations of other officers and agents involved in this investigation. All observations referenced below that were not personally made by me were

related to me by the persons who made such observations.

4. This affidavit contains information necessary to support probable cause for this application. It is not intended to include each and every fact and matter observed by me or known to the government.

5. Law enforcement officers have utilized cooperating witnesses during the course of this investigation. Regardless of the gender of the cooperating witness, each will be referred to in the masculine gender. These cooperating witnesses have made statements against their own penal interests and have provided law enforcement both reliable and credible information.

6. On or about July 10, 2007, an unnamed co-conspirator (CC-1) in San Diego mailed a package containing approximately four ounces of methamphetamine to another unnamed co-conspirator (CC-2) in Virginia. A federal search warrant was executed at the residence of CC-2 and the package of methamphetamine was seized. CC-2 was arrested. He was advised of and waived his Miranda rights and stated to the interviewing agents he had previously ordered methamphetamine from California from CC-1.

7. On or about July 24, 2007, at the direction of law enforcement, a cooperating witness (CW) made telephone calls to CC-1 in San Diego at telephone number (XXX) XXX-0117 and ordered two ounces of methamphetamine from him. CC-1 in San Diego had previously provided the CW with telephone numbers (XXX) XXX-0117 and (XXX) XXX-8288 as his contact numbers. CC-1 in San Diego directed the CW to send cash via an overnight mail service to an address listed as a residence for CC-1. Later that day law enforcement officials mailed an overnight mail package containing $3,200.00 in cash to the address given to the CW.

8. On or about July 25, 2007, CC-1 in San Diego contacted the CW and advised that

2

he had received the overnight mail package containing the $3,200.00 and would be sending the CW a package within the next day.

9. On or about July 26, 2007, CC-1 contacted the CW and advised that he had sent the package containing the drugs to an address in the Eastern District of Virginia via mail and provided the tracking number.

10. On or about July 27, 2007, law enforcement officials intercepted a mail package bound for an address in the Eastern District of Virginia carrying the tracking number provided by CC-1. The package contained approximately two ounces of a substance which field tested positive for the presence of methamphetamine.

11. On or about August 6, 2007, the United States District Court for the Eastern District of Virginia issued a criminal complaint for CC-1 charging him with conspiracy to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

12. On August 6, 2007, the CW, acting at the direction of law enforcement, made recorded telephone calls to CC-1 at telephone number (XXX) XXX-0117 and ordered two ounces of methamphetamine. CC-1 directed the CW to send the cash for the purchase of the drugs via overnight mail service to his residence. On August 6, 2007, law enforcement officials mailed an overnight mail envelope containing $3200.00 in cash to this address.

13. On August 8, 2007, law enforcement officials conducted a surveillance of CC-1 in San Diego. During the surveillance, a Federal Express envelope was delivered to CC-1's address. CC-1 was later observed departing the residence and driving to a location where he met with

3



George Cruz, Jr. CC-1 subsequently drove to the Postal Annex, 10606 Camino Ruiz Ste. 8, San Diego, California, and mailed a package via FedEx overnight delivery. CC-1 subsequently called the CW and identified the tracking number for the package as 798237235343.

14. On August 9, 2007, the FedEx overnight package with tracking number 798237235343, destined for the address provided by the CW, was intercepted by law enforcement officials in Virginia. The package contained approximately two ounces of a substance that field tested positive for methamphetamine.

15. On August 9, 2007, CC-1 was arrested at his residence pursuant to the warrant issued of out of the Eastern District of Virginia. A federal search warrant issued in the Southern District of California was also executed at CC-1's residence. Among the seized items was a FedEx Priority Mail Overnight receipt bearing tracking number 798237235343, dated August 8, 2007, from the Postal Annex 22, 10606 Camino Ruiz Ste 8, San Diego, CA 92126.

16. Subsequent to his arrest, CC-1 was advised of and waived his rights and provided a statement to law enforcement officials. CC-1 subsequently pleaded guilty in the United States District Court, Eastern District of Virginia, to conspiracy to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

17. CC-1 stated that, for approximately the last year and a half, he has been supplying methamphetamine to three customers, two of whom reside in the Eastern District of Virginia, and one who resides in Maryland. The customers paid CC-1 for the methamphetamine via Western Union wires and bulk cash shipments sent through Federal Express and United States Parcel Service. CC-1 sold methamphetamine to his customers for between $1,500 and $1,600 per

4

ounce. CC-1 shipped two to four ounces weekly or every other week to his customers via Federal Express or UPS.

18. CC-1 obtained ninety-five percent of the methamphetamine he was selling to his customers from George Cruz, Jr. CC-1 paid approximately $750 to $1,000 for each ounce of methamphetamine he bought from Cruz. CC-1 purchased one to four ounces of methamphetamine from Cruz on over 100 occasions. Cruz always delivered the methamphetamine in person. Cruz changed his telephone number frequently, but he always transferred CC-1's telephone numbers to his new telephone.

19. CC-1 was shown a series of law enforcement surveillance photographs of CC-1 meeting with George Cruz, Jr., on August 8, 2007. CC-1 identified the individual in the blue shirt in photograph #1 as George Cruz. He stated he frequently met Cruz to purchase methamphetamine in that particular location.

20. CC-1 stated that all his telephonic contact with Cruz and his customers in Virginia and Maryland was in connection with methamphetamine transactions. In a typical methamphetamine transaction, CC-1's customers in Virginia and Maryland would call CC-1 to place an order for methamphetamine. CC-1 would direct his customers to mail or wire the money for the methamphetamine to a specific address. CC-1 would then telephonically contact Cruz to order the methamphetamine. Cruz was usually able to obtain the methamphetamine in one or two days, and would arrange to meet CC-1 to provide him the methamphetamine. CC-1 would then mail the methamphetamine via Federal Express or United States Postal Service to his customers in Virginia and Maryland. If the amount was two ounces or less of methamphetamine, CC-1 would leave it in the original plastic baggie Cruz had packaged it in.

21. CC-1 was shown photographs taken of the contents of a Federal Express package intercepted by the FBI on July 27, 2007. The photographs are of packaging material and a white crystal-rock type substance in a plastic baggie, knotted at the top. CC-1 recognized the packaging material and the methamphetamine packaged in the plastic baggie as methamphetamine he had obtained from Cruz.

22. On August 9, 2007, George Cruz, Jr., was arrested at his residence in California pursuant to a local warrant obtained by the Oceanside Police Department (OPD). Thereafter, the Superior Court of California, County of San Diego, North County Division, charged Cruz with HS11379 (a) (Possession of Controlled Substances for Sale), a felony. The specified charges were that, on or about May 1, 2007, Cruz did unlawfully transport and offer to transport a controlled substance, to wit: methamphetamine, in violation of Health and Safety Code Section 11379(a); and that the defendant George Cruz did commit the above felony offense for the benefit of, at the direction of, and in association with a criminal street gang with the specific intent to promote, further and assist in criminal conduct by gang members within the meaning of Penal Code Section 186.22(b)1. George Cruz, Jr. subsequently pleaded guilty to these charges.

23. During the execution of a local search warrant at George Cruz, Jr.'s residence on August 9, 2007, two cellular telephones belonging to Cruz were seized. A review of the cellular telephone contents revealed the following information relevant to this criminal complaint.

24. In a Sprint/Sanyo Mobile phone, telephone number (XXX) XXX-0117 is listed in the "Contacts" section under the name "P-Sd." As previously stated, this is a telephone number used by CC-1. The call history feature in this telephone showed that on August 7, 2007, at 12:53 a.m., there was an incoming telephone call from "P Sd, (XXX) XXX-0117. On August 8, 2007,

6

at 11:28 a.m., there was an outgoing call made to telephone number "P Sd" (XXX) XXX-0117.

25.  In a Motorola Razor telephone having telephone number (XXX) XXX-1447, the following contacts were listed: telephone number (XXX) XXX-0117, under the name "P Sd," and (XXX) XXX-8288 under the name of CC-1's wife. As previously stated, (XXX) XXX-0117 and (XXX) XXX-8288 are telephone numbers used by CC-1 to conduct his methamphetamine trafficking activities. The call history feature in the Motorola Razor telephone showed that on July 5, 2007, there were three outgoing telephone calls to (XXX) XXX-8288. On July 10, 2007, there was an outgoing telephone call to (XXX) XXX-0117, followed by an outgoing telephone call to (XXX) XXX-8288.

26.  An analysis of available toll and/or pen register data reveals that during the period April 3, 2007, through July 5, 2007, there were at least 49 contacts between telephone number (XXX) XXX-1447 and (XXX) XXX-8288. A review of available toll and/or pen register data shows that during the period December 27, 2006, through July 1, 2007, there were at least 75 calls between telephone numbers used by CC-1 and Cruz.

27.  Your affiant has also reviewed available toll and pen register data showing call activity between cooperating witnesses and CC-1 in San Diego, and CC-1 and Cruz. The available call activity does not cover the entire period of the drug conspiracy; however, the following examples of call patterns reflect a typical methamphetamine transaction as described by CC-1 in San Diego and further corroborated by other investigation conducted by your affiant and other law enforcement. For instance, on January 19, 2007, there are three calls between a cooperating witness and CC-1 in San Diego. Later that day there is a call between CC-1 and Cruz. On June 6, 2007, there are four calls between a cooperating witness and CC-1. On June 7,

2007, there are two calls between CC-1 and Cruz, followed by two calls between CC-1 and a cooperating witness. On June 18, 2007, there are two calls between CC-1 and a cooperating witness, followed by three calls between CC-1 and Cruz. Between June 22, 2007 and June 25, 2007, there are four calls between CC-1 and a cooperating witness. On June 26, 2007, there are four calls between CC-1 and Cruz, followed by another call between CC-1 and a cooperating witness. On June 27, 2007, there are two calls between CC-1 and a cooperating witness, followed by three calls between CC-1 and Cruz. On June 28, 2007, there are two calls between CC-1 and a cooperating witness, and on July 1, 2007, there are two calls between CC-1 and Cruz. Based on my training and experience, these call patterns, in conjunction with the surveillance of and statements by CC-1, confirm Cruz's role as the source of methamphetamine supply for CC-1 and his customers in the Eastern District of Virginia and elsewhere.

28. Based on the facts outlined above, I submit there is probable cause to believe that George Cruz Jr., and others, within the Eastern District of Virginia and elsewhere, conspired to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

Aleta Thompson
Special Agent
Federal Bureau of Investigation

Sworn and subscribed to before me this 2/ day of October, 2007.

The Honorable Barry R. Poretz
United States Magistrate Judge